1  Kelsey A. Israel-Trummel (SBN 282272)
   kitrummel@jonesday.com
2  JONES DAY
   555 California Street, 26th Floor
3  San Francisco, CA  94104
   Telephone: +1.415.626.3939
4  Facsimile:  +1.415.875.5700

5  Amanda Molinari (SBN 323840)
   amolinari@jonesday.com
6  JONES DAY
   555 South Flower Street, Fiftieth Floor
7  Los Angeles, CA  90071
   Telephone: +1.213.489.3939
8  Facsimile:  +1.213.243.2539

9  Connie L. Chen (SBN 275649)
   Connie.Chen@jacksonlewis.com
10 JACKSON LEWIS P.C.
   725 South Figueroa Street, Suite 2500
11 Los Angeles, California 90017-5408
   Telephone:  +1.213.689.0404
12 Facsimile:   +1.213.689.0430

13 Attorneys for Defendants
   DOUBLETREE EMPLOYER LLC
14 and CURIO EMPLOYER LLC

15 Additional Counsel on Next Page

16                 **UNITED STATES DISTRICT COURT**

17                **SOUTHERN DISTRICT OF CALIFORNIA**

18

| | |
|---|---|
| 19 KARLA SILVA HUERTA, an individual, on behalf of herself and on behalf of all persons similarly situated, | Case No.  **'23CV1881 RSH MMP** |
| 21           Plaintiff, | **DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446, AND 1453** |
| 22     v. | |
| 23 DOUBLETREE EMPLOYER LLC, a Limited Liability Company; CURIO EMPLOYER LLC, a Limited Liability Company; and DOES 1 through 50, inclusive, | |
| 26           Defendants. | |

27

28

Arcelia N. Magaña (SBN 312422)
areclia.magana@jacksonlewis.com
William A. Llamas (SBN 341087)
william.llamas@jacksonlewis.com
JACKSON LEWIS P.C.
225 Broadway, Suite 1800
San Diego, California 92101
Telephone: +1.619.573.4900
Facsimile:  +1.619.573.4901

Attorneys for Defendants
DOUBLETREE EMPLOYER LLC
and CURIO EMPLOYER LLC

DEFENDANTS' NOTICE OF REMOVAL
OF CIVIL ACTION FROM STATE COURT

**TO THE CLERK OF THE ABOVE ENTITLED COURT:**

PLEASE TAKE NOTICE that Defendants Doubletree Employer LLC and Curio Employer LLC (collectively, "Defendants") in the above-titled action, through this Notice of Removal, hereby remove this matter to the United States District Court for the Southern District of California pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453. The grounds for removal are as follows.

## COMPLIANCE WITH STATUTORY REQUIREMENTS

1.      On or about July 21, 2023, Plaintiff Karla Silva Huerta ("Plaintiff") filed a class action complaint for damages in the Superior Court of California for the County of San Diego, Case No. 37-2023-00031030-CU-OE-CTL, captioned *Karla Silva Huerta, an individual, on behalf of herself and on behalf of all persons similarly situated v. Doubletree Employer LLC; Curio Employer LLC; and Does 1 through 50, inclusive* ("Complaint").

2.      In the Complaint, Plaintiff asserts the following ten causes of action against Defendants: (1) unfair competition; (2) minimum wage violations; (3) overtime violations, (4) meal period violations; (5) rest period violations; (6) wage statement violations; (7) expense reimbursement violations, (8) waiting time penalties; (9) sick pay violations; and (10) gratuity violations.

3.      The Complaint seeks to certify the following two classes:  (1) "all individuals who are or previously were employed by Doubletree Employer LLC and/or Curio Employer LLC in California, including any employees staffed with Doubletree Employer LLC by a third party, and classified as non-exempt employees (the 'CALIFORNIA CLASS') at any time during the period beginning four (4) years prior to the filing of this Complaint and ending on the date as determined by the Court" (Compl. ¶¶ 5, 35) and (2) "all individuals who are or previously were employed by Doubletree Employer LLC and/or Curio Employer LLC in California, including any employees staffed with Doubletree Employer LLC by a third party, and classified as non-exempt employees (the 'CALIFORNIA

DEFENDANTS' NOTICE OF REMOVAL
                    OF CIVIL ACTION FROM STATE COURT

LABOR SUBCLASS') at any time during the period beginning three (3) years prior to the filing of this Complaint and ending on the date as determined by the Court." Compl. ¶ 45.

4.     Service of process on Defendants was completed on September 14, 2023 by personal service. In accordance with 28 U.S.C §1446(a), attached hereto as Exhibit A are true and correct copies of all process, pleadings, and orders served on Defendants in this action.

5.     Removal of this action is timely because Defendants effectuated removal by filing this Notice of Removal with the Court within 30 days of service of the Complaint on Defendants. *See* 28 U.S.C. §1446(b)(2).

6.     Each Defendant who has been named and served with the Complaint consents to and joins in the removal of this action.

7.     Pursuant 28 U.S.C. §1446(d), Defendants will promptly provide written notice of removal of this action to Plaintiff and will promptly file a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California, County of San Diego.

## VENUE

8.     Plaintiff filed this case in the Superior Court of California, County of San Diego. Therefore, this case may properly be removed to the Southern District of California. 28 U.S.C. §§ 84, 1441(a).

## ORIGINAL JURISDICTION – CLASS ACTION FAIRNESS ACT

9.     This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d) (as amended by the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 14 ("CAFA")). Pursuant to Section 1332(d), federal courts have original diversity jurisdiction over a class action whenever: (1) "any member of a class of plaintiffs is a citizen of a State different from any defendant," 28 U.S.C. § 1332(d)(2)(A); (2) "the matter in controversy exceeds the sum or value of

DEFENDANTS' NOTICE OF REMOVAL
OF CIVIL ACTION FROM STATE COURT

$5,000,000, exclusive of interest and costs," 28 U.S.C. § 1332(d)(2); and (3) the number of members of all proposed plaintiff classes in the aggregate exceeds 100. *See* 28 U.S.C. § 1332(d)(5)(B). A notice of removal must include only "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Schneider v. Ford Motor Co.*, 756 F. App'x 699, 700 (9th Cir. 2018), quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553-54 (2014). Evidentiary submissions or declarations are not required to support Defendants' Notice of Removal at this time. *See, e.g.*, *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019) ("reaffirming" that "a removing defendant's notice of removal 'need not contain evidentiary submissions' but only plausible allegations of the jurisdictional elements"); *Janis v. Health Net, Inc.*, 472 F. App'x 533, 534 (9th Cir. 2012) ("Nothing in 28 U.S.C. § 1446 requires a removing defendant to attach evidence of the federal court's jurisdiction to its notice of removal."); *Dart Cherokee*, 135 S. Ct. at 554 (finding that a notice of removal need only contain a "plausible allegation" of the amount in controversy and "evidence establishing the amount is required only when the plaintiff contests, or the court questions, the defendant's allegation.").

10.    All three requirements of CAFA jurisdiction are satisfied in this case.

## I.    Minimal Diversity Requirements Are Satisfied.

11.    Diversity of citizenship exists here because, based on allegations in the Complaint, the named Plaintiff and at least one defendant are citizens of different states. 28 U.S.C. § 1332(d)(2) (requiring only "minimal diversity" under which "any member of a class of plaintiffs is a citizen of a State different from any defendant").

12.    For purposes of determining diversity, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). Residence is *prima facie* evidence of domicile. *See State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994); *Headley*

*v. FCA US, LLC*, No. SACV2000197JVSDFMX, 2020 WL 1900449, at *3 (C.D. Cal. Apr. 17, 2020) ("[T]his Court finds that a person's residence is *prima facie* evidence of domicile and citizenship."). Here, Plaintiff provided both Defendants with a California address as her residence in connection with her employment. *See also* Compl. ¶ 4 (identifying Plaintiff as a California employee). Moreover, the alleged putative classes consist of persons who are or were employed by Defendants "in California." It is reasonable to assume that at least some of these California employees will also be California residents, and thus California citizens. *See* Compl. ¶¶ 5, 35, 45.

13.   Defendant Doubletree Employer LLC is a Delaware limited liability company with its headquarters and principal place of business in Virginia. The sole member of Doubletree Employer LLC is Hilton Employer Inc. Hilton Employer Inc. is a Delaware corporation and has its headquarters and principal place of business in Virginia. *See* 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77 (2010) (holding that a corporation's principal place of business is its "nerve center," which will normally be where it maintains its headquarters). Doubletree Employer LLC is therefore a citizen of Delaware and Virginia. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (limited liability company is deemed to be a citizen of any state in which any member of the company is a citizen).

14.   Because Plaintiff is a citizen of California and Defendant Doubletree Employer LLC is a citizen of Delaware and Virginia, the minimal diversity requirement is satisfied.

## II.  The Amount in Controversy Exceeds $5,000,000

15.   Under CAFA, the claims of individual class members are aggregated to determine if the amount in controversy meets the $5,000,000 threshold. *See* 28 U.S.C. § 1332(d)(6).

16.   Plaintiff alleges she was employed by Defendants Doubletree

DEFENDANTS' NOTICE OF REMOVAL
OF CIVIL ACTION FROM STATE COURT

Employer LLC and Curio Employer LLC from approximately June 2022 until April 2023. Compl. ¶ 4. Plaintiff seeks overtime, minimum, and sick leave wages and penalties, meal and rest break penalties, wage statement penalties, waiting time penalties, service charge gratuities, restitution, reimbursement for business expenses, and attorneys' fees on behalf of herself and each of the purported class members. Compl. ¶¶ 66, 67, 82, 97, 101, 105, 109, 113, 121, 127, 130, & Prayer.

17.    For the reasons below, the aggregate amount in controversy – conservatively based on Plaintiff's allegations for only three of her ten claims (for rest period violations, wage statement penalties, and waiting time penalties) for only a portion of the class she seeks to represent – exceeds $5,000,000.[1]

18.    **Failure to Provide Rest Periods.** Plaintiff alleges that she and other class members "were required from time to time to work in excess of four (4) hours without being provided ten (10) minute rest periods." Compl. ¶ 13. Plaintiff further alleges that, when rest breaks were provided, Defendant's "policy" failed to provide rest breaks that were "off-duty." *Id.* ¶ 13. Although Plaintiff alleges that Defendants failed to provide any legally compliant rest breaks at all, Defendants conservatively apply a 10% violation rate and assume for purposes of removal that each class member received a compliant rest period 90% of the time. *Compare Parsittie v. Schneider Logistics, Inc.*, No. CV193981MWFAFMX, 2019 WL 6792807, at *3 (C.D. Cal. Aug. 13, 2019) (agreeing that Defendants' assumption of a "violation every ten days is a reasonable – indeed, conservative – assumption" when Plaintiff alleged they were "'regularly' not provided with 'each' compliant meal and rest period"); *Chavez v. Pratt (Robert Mann Packaging), LLC*, No. 19-CV-00719-NC, 2019 WL 1501576, at *3 (N.D. Cal. Apr. 5, 2019), leave to appeal denied, No. 19-

_____

[1] In establishing the amount in controversy for purposes of removal, Defendants do not concede that the allegations in the Complaint are accurate or that Plaintiff or any proposed class member is entitled to any amount under any claim or cause of action. Nor do Defendants concede that any class may properly be certified or that any of the putative class members are entitled to recovery in this case.

DEFENDANTS' NOTICE OF REMOVAL
OF CIVIL ACTION FROM STATE COURT

80049, 2019 WL 5190914 (9th Cir. Aug. 1, 2019) ("Courts in this Circuit, including in this District, have frequently upheld at least a 20% violation rate for purposes of CAFA amount in controversy calculations where the plaintiff does not specify the frequency of the alleged missed meal or rest periods."); *Hernandez v. Nuco2 Mgmt., LLC*, No. 117CV01645LJOJLT, 2018 WL 933506, at *7 (E.D. Cal. Feb. 16, 2018) (finding an allegation that "Defendant maintained 'policies and practices' requiring Plaintiff and the class to work through their meal and rest periods without paying them proper compensation . . . supports a reasonable inference of a 25% percent violation rate").

19.    Labor Code section 226.7 provides that "[i]f an employer fails to provide an employee a meal or rest or recovery period in accordance with a state law . . . the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided." Cal. Lab. Code § 226.7. Therefore, Defendants assume that Plaintiff and the putative class members are entitled to one hour of pay for each shift that a legally compliant rest period was not provided. Again adopting a conservative approach, Defendants use a $12/hour rate of pay for all assumed violations, which is the lowest minimum wage rate in effect during the statutory four-year period. In fact, many class members were paid at rates above minimum wage, and the minimum wage during the statutory four-year period increased in 2020, 2021, 2022, and 2023.

20.    Based on a review of Doubletree Employer LLC's records from July 21, 2019 (four years prior to the filing of the Complaint) to January 15, 2023, there were more than 378,406 shifts of 3.5 or more hours in length worked by non-exempt employees employed by Doubletree Employer LLC at six DoubleTree hotel properties in California.[2] Assuming a 10% violation rate, a violation would have

___

[2] Although Plaintiff seeks to also represent non-exempt employees employed by Curio Employer LLC, Defendants only examined shifts worked by Doubletree Employer LLC's California non-exempt employees for purposes of removal.

occurred in approximately 37,840 shifts. Applying an hourly rate of $12.00, the amount placed in controversy by Plaintiff's rest break claim is more than **$454,087** (37,840 shifts x $12.00/hour). This estimate does not include the time period after January 15, 2023 or Curio employees, which Plaintiff's allegations also place at issue.

21.    **Non-Complaint Wage Statements.** Plaintiff alleges that Defendants had a "uniform practice of rounding actual time worked and recorded" and that the wage statements Plaintiff and other California Class Members received "failed to identify the accurate total hours worked each pay period." Compl. ¶¶ 9, 15. Plaintiff further alleges that, "aside from" Defendants' failure to accurately report class members' total hours worked, "Defendants failed to issue Plaintiff an itemized wage statement that lists all of requirements under Section 226," and "knowingly and intentionally failed to comply with Cal. Lab. Code § 226." *Id.* ¶¶ 108, 109.

22.    These allegations, plus the allegations that support at least a 10% rest break violation rate, justify the use of a 100% violation rate for Plaintiff's wage statement claims. *Garza v. WinCo Holding, Inc.*, No. 120CV01354JLTHBK, 2022 WL 902782, at *8 (E.D. Cal. Mar. 28, 2022) (holding that, where plaintiff alleged defendant "uniformly applies a rounding policy," it was "reasonable to assume a rounding error occurred at least once every two weeks," especially where plaintiff also alleged defendant did not permit employees to take legally compliant breaks); *Ramirez v. Carefusion Res., LLC*, No. 18-CV-2852-BEN-MSB, 2019 WL 2897902, at *4 (S.D. Cal. July 5, 2019) (noting that a 100% violation rate is appropriate where "Plaintiff's Complaint additionally alleges that defendant failed to list 'all the requirements under Labor Code § 226' on its wage statements"); *Diaz v. Ardagh Metal Beverage USA, Inc.*, No. 222CV00100TLNKJN, 2022 WL 3368537, at *3 (E.D. Cal. Aug. 15, 2022) ("Courts have found it is reasonable to assume a minimum wage violation rate of at least one violation per employee per pay period

1  where the plaintiff alleges an unlawful time rounding policy.").[3]

2      23.  Labor Code § 226 provides that if an employer knowingly and

3  intentionally fails to issue accurate and complete wage statements, an employee "is

4  entitled to recover the greater of all actual damages or fifty dollars ($50) for the

5  initial pay period in which a violation occurs and one hundred dollars ($100) per

6  employee for each violation in a subsequent pay period, not to exceed an aggregate

7  penalty of four thousand dollars ($4,000)." Cal. Lab. Code § 226(e). The statute of

8  limitations for claims pursuant to Labor Code section 226 is one year. *Falk v.*

9  *Children's Hospital Los Angeles*, 237 Cal. App. 4th 1454, 1469 (2015) (applying

10  one-year limitations period to a wage-statement claim).

11      24.  Based on a review of Doubletree Employer LLC's records from July

12  21, 2022 (one year prior to the filing of the Complaint) to January 15, 2023, there

13  were approximately 729 non-exempt employees in California who received wage

14  statements during the relevant period. There were more than 7,403 wage statements

15  issued to Doubletree Employer LLC's non-exempt California employees from July

16  21, 2022 to January 15, 2023.[4] Because Plaintiff claims that the wage statements

17  did not include "all of the requirements under Section 226" – something

18  independent of a specific employee's alleged experiences during a particular pay

19  period – Defendants assume for purposes of calculating the amount put into

20  controversy by this claim that all DoubleTree employees who received wage

---

22  [3] *See also Cavada v. Inter-Cont'l Hotels Grp., Inc.*, No. 19CV1675-
GPC(BLM), 2019 WL 5677846, at *8 (S.D. Cal. Nov. 1, 2019) (finding a 100%
23  violation rate reasonable despite allegation that wage statement violations occurred
only from "time to time" or "periodically" because plaintiff also alleged defendant
24  had a "uniform policy and practice" that caused underlying meal and rest break
violations and it was reasonable to assume employees had experienced at least
25  violation per pay period); *Sanchez v. Abbott Lab'ys*, No. 2:20-CV-01436-TLN-AC,
2021 WL 2679057, at *6 (E.D. Cal. June 30, 2021) (finding 100% wage statement
26  violation rate reasonable based on underlying meal and rest break allegations).

27  [4] Again, although Plaintiff seeks to also represent non-exempt employees
employed by Curio Employer LLC in California, Defendants only considered wage
28  statements received by Doubletree Employer LLC's California non-exempt
employees for purposes of removal.

statements during the relevant limitations period (from July 21, 2022, forward) received allegedly non-compliant wage statements each time they received a wage statement. The amount placed in controversy by Plaintiff's claim for wage statement penalties is more than **$703,850** ((7,403 total wage statements x $100 per non-compliant wage statement) – (729 first time wage statements x $50 for the first non-compliant wage statement)).[5] This estimate does not include the time period after January 15, 2023 or Curio employees, which Plaintiff's allegations also place at issue.

25.    **<u>Waiting Time Penalties.</u>** Plaintiff alleges that, "as a pattern and practice," Defendants "regularly failed to pay Plaintiff and other members of the California Class their correct wages and accordingly owe waiting time penalties." Compl. ¶ 21. Plaintiff further alleges that Defendants had a "uniform practice and policy of failing to pay the Labor Sub-Class Members for all vested vacation and holiday time accumulated at employment termination," and that that practice provides another basis to impose waiting time penalties under Section 203. Compl. ¶ 120.

26.    As with Plaintiff's wage statement claims, these allegations justify an assumption that all terminated employees were entitled to at least some unpaid wages at termination. *Chavez,* 2019 WL 1501576, at *4 (finding a 100% violation rate for unpaid wages reasonable because Plaintiff "t[ied] the unpaid final wage claim to his other claims," meaning "if every putative class member incurred damages for at least one other claim in the complaint, every class member who departed [Defendant] during the statutory period was due unpaid wages"); *Garza,*

---

[5] To reach the $4,000 per person penalty cap imposed by Labor Code section 226(e), a putative class member would need to have received 40.5 wage statements during the relevant period ((40.5 wage statements x $100 per non-compliant wage statement) - $50 for the first non-compliant wage statement = $4,000). Because Doubletree Employer LLC issues wage statements on a bi-weekly basis or semi-monthly basis, the highest number of wage statements that a single putative class member could have received from July 21, 2022 to January 15, 2023 is 12.5 wage statements.

DEFENDANTS' NOTICE OF REMOVAL
OF CIVIL ACTION FROM STATE COURT

2022 WL 902782, at *9 (finding a reasonable basis to assume a 100% waiting time violation rate where plaintiff "alleges uniform and unlawful wage practices— including the rounding policy and denial of rest periods—applied to all employees, which resulted in failure to adequately and accurate employees terminated from [defendant]"). Defendants also assume that all terminated employes were paid at a rate of $13 per hour, the lowest minimum wage rate during the statutory period, even though many class members were paid at rates above minimum wage and the minimum wage increased in 2021, 2022, and 2023.

27.    Labor Code § 203(a) states that "if an employer willfully fails to pay . . . any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty" from the date such wages were due until the date paid. Such wages "shall not continue for more than 30 days." Cal. Lab. Code § 203(a). The statute of limitations for claims pursuant to Labor Code section 203 is three years. *Pineda v. Bank of Am., N.A.*, 50 Cal. 4th 1389, 1398 (2010).

28.    Based on a review of Defendant Doubletree Employer LLC's records, from July 21, 2020 (three years prior to the filing of the Complaint) to September 25, 2023, more than approximately 840 non-exempt employees separated from their employment with Doubletree Employer LLC in California. Of those employees, 560 were full-time employees and 280 were part-time employees. Doubletree Employer LLC's full-time employees typically work shifts of at least 8 hours and part-time employees typically work shifts of at least 4 hours. Assuming an hourly rate of $13.00 (the lowest minimum wage rate in effect during the statutory period) for these employees at the time of their termination and an average work day of 8 hours for full-time employees and 4 hours for part-time employees, the amount placed in controversy by Plaintiff's claim for waiting time penalties is more than **$2,184,000** ((560 [number of full-time employees] x $13.00 [hourly rate] x 8 hours x 30 days) + (280 [number of part-time employees] x $13.00 [hourly rate] x 4 hours x 30 days)).

DEFENDANTS' NOTICE OF REMOVAL
                    OF CIVIL ACTION FROM STATE COURT

29.    Based on a review of Defendant Curio Employer LLC's records, from July 21, 2020 to October 5, 2023, more than approximately 1,082 non-exempt employees separated from their employment with Curio Employer LLC at the Hotel Del Coronado.[6] Of those employees, 792 were full-time employees and 290 were part-time employees. At the Hotel Del Coronado, full-time employees typically work shifts of at least 8 hours and part-time employees typically work shifts of at least 4 hours. Assuming an hourly rate of $13.00 (the lowest minimum wage rate in effect during the statutory period) for these employees at the time of their termination and an average work day of 8 hours for full-time employees and 4 hours for part-time employees, the amount placed in controversy by Plaintiff's claim for waiting time penalties is more than **$2,923,440** ((792 [number of full-time employees] x $13.00 [hourly rate] x 8 hours x 30 days) + (290 [number of part-time employees] x $13.00 [hourly rate] x 4 hours x 30 days)).

30.    **Amount in Controversy Attributable to Plaintiff's Fifth, Sixth, and Eighth Causes of Action Exceeds $5 Million.** The calculations result in an amount of controversy that exceeds $5,000,000.00.

| | |
|---|---|
| Fifth Cause of Action (Rest Periods) | $454,087 |
| Sixth Cause of Action (Wage Statement Penalties) | $703,850 |
| Eighth Cause of Action (Waiting Time Penalties) | $5,107,440 |
| **Subtotal Amount in Controversy:** | **$6,265,377** |

31.    In further effort to be conservative, the above calculations do not include amounts placed in controversy by the majority of the causes of action included in Plaintiff's Complaint. More specifically, they do not account for Plaintiff's claims for minimum wage violations (second cause of action), failure to pay overtime (third cause of action), failure to provide meal periods (fourth cause

---

[6] Although Plaintiff seeks to also represent non-exempt employees employed by Curio Employer LLC at all of the Curio Collection hotel properties in California, Defendants only examined terminations of non-exempt employees at the Hotel Del Coronado for purposes of removal.

DEFENDANTS' NOTICE OF REMOVAL
OF CIVIL ACTION FROM STATE COURT

of action), failure to reimburse business expenses (seventh cause of action), failure to pay sick pay wages (ninth cause of action), failure to provide gratuities (tenth cause of action), unfair competition (first cause of action), or attorneys' fees. The amount in controversy would be much greater than the $5,000,000 threshold if Defendants were to estimate the potential amount for each cause of action and attorney's fees. *See Cabrera v. S. Valley Almond Co., LLC*, No. 121CV00748AWIJLT, 2021 WL 5937585, at *11 (E.D. Cal. Dec. 16, 2021) (attorney's fees "are properly included in the amount in controversy, where, as here, a plaintiff sues on statutes providing for attorney fees").

32.    The amount in controversy would also be greater if Defendants' calculations with respect to rest break, wage statement, and waiting time penalties were based on the full class that Plaintiff's allegations put at issue. Instead, Defendants' rest break and wage statement calculations only account for employees at DoubleTree hotel properties through January 15, 2023 (when the class period runs through present), and their waiting time penalty calculations only account for employees at DoubleTree hotel properties and the Hotel Del Coronado (when Curio Employer LLC employs non-exempt employees at other locations in California). Defendants do not waive their right to file a future Notice of Removal on the basis of additional facts or allegations.

**III. The Putative Class Consists of More than 100 Individuals**

33.    During the four years prior to the filing of the Complaint, there were in excess of 1,561 current and former non-exempt individuals employed by Defendant Doubletree Employer LLC in the State of California. *See* 28 U.S.C. § 1332(d)(5)(B).

\*   \*   \*

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT

1        This action meets all of CAFA's requirements for removal, and this removal

2  pleading is both timely and proper. This action is hereby removed to this Court

3  from the Superior Court of the State of California, County of San Diego.

4

5  Dated: October 13, 2023                Jones Day

6

7                                 By: */s/Kelsey A. Israel-Trummel*

8                                    Kelsey A. Israel-Trummel
                                      Amanda Molinari

9                                   Attorney for Defendants
10                                 DOUBLETREE EMPLOYER LLC and
                                 CURIO EMPLOYER LLC

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

      DEFENDANTS' NOTICE OF REMOVAL
               OF CIVIL ACTION FROM STATE COURT